**Phillip R. THOMPSON, Plaintiff,**

v.

**William O. BARNETT, M.D., d/b/a The Continent Ostomy Center, Defendant.**

**Civ. A. No. J88–0359(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 11, 1989.

Phillip R. Thompson, Laurel, Miss., Michael R. Tucker, James A. Cook, Jr., Memphis, Tenn., James A. Cook, Jr. (Co–Counsel), Hattiesburg, Miss., for plaintiff.

Cary E. Bufkin, (Eugene P. Naylor, Co–Counsel), Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiff Phillip R. Thompson brought this action charging that defendant William O. Barnett, M.D., was negligent in his medical treatment of plaintiff and specifically that he failed to inform plaintiff of methods of treatment alternative to the continent ileostomy which defendant performed for the correction of the ulcerative colitis condition from which plaintiff suffered. Though the complaint was filed on July 15, 1988, service of process was not obtained until November 10, 1988. Defendant thereafter timely answered the complaint and on December 21, 1988, filed and served interrogatories, requests for admissions and requests for production of documents. It is plaintiff's failure to fully and timely respond to those discovery requests that is the primary subject of the motions presently before the court.

A scheduling order was entered in the case on January 19, 1989 which provided, *inter alia,* that discovery was to be completed on or before July 21, 1989, with plaintiff to designate his expert witnesses on or before March 21, 1989. On January 23, 1989, plaintiff filed a "partial response" to defendant's discovery requests. That response, though, contained only plaintiff's denial of the matters set forth in defendant's three requests for admissions; it provided no response to the interrogatories or requests for production. Defendant contacted plaintiff on numerous occasions over the following months and received repeated assurances that responses to the remaining discovery would be forthcoming, including a designation by plaintiff as to the expert witnesses he intended to use in the case. However, the discovery deadline passed, as did the deadline for designation of experts, with plaintiff having completely failed to provide the requested information and documents. Yet, at no time did plain-

tiff object to the discovery requests or seek additional time to respond.

On August 15, 1989, the date established by the scheduling order as the deadline for the filing of dispositive motions, defendant filed a motion for summary judgment based in part upon plaintiff's discovery failures and primarily, upon plaintiff's failure to produce expert testimony. Only after defendant filed the motion for summary judgment did plaintiff attempt to comply with defendant's discovery requests. On August 26, 1989, plaintiff filed his "answers to interrogatories, requests for admissions and requests for production." There were, in plaintiff's answers, no documents or response to defendant's document production requests nor was there an explanation as to the omission of the documents. Plaintiff did, however, purport to provide answers to defendant's interrogatories. Included in those responses was plaintiff's listing of the expert witnesses which he intended to utilize together with a most cryptic statement of "areas" about which plaintiff hoped to develop testimony. The experts named in those answers were Dr. Burt Prater, Jr., M.D., Dr. Melvin Abend, M.D., and Dr. Phillip Nelson.

Shortly after filing the described discovery responses, plaintiff, on September 11, 1989, responded to defendant's motion for summary judgment. That response included an affidavit of R. Burt Prater, M.D., dated September 8, 1989, setting forth Dr. Prater's opinion that the defendant was negligent in failing to inform plaintiff of the risks and dangers associated with the procedures to treat plaintiff's colitis. Plaintiff also supplied his own affidavit stating that Dr. Barnett failed to inform him of alternative treatment procedures and material risks of the procedure performed.

Presently under consideration by the court is a motion by defendant to strike plaintiff's answers to interrogatories, to preclude plaintiff from now producing the documents requested by defendant and to strike Dr. Prater's and plaintiff's affidavits in opposition to defendant's summary judgment motion. Also before the court is defendant's motion for summary judgment. Plaintiff has been given the explicit opportunity to show cause for his discovery omissions and has, in the court's opinion, wholly failed to demonstrate any cause, and certainly not good cause, for his failure to timely and fully respond to defendant's discovery requests.

■ Regarding plaintiff's failure to designate expert witnesses until over five months following the deadline for such designation, plaintiff explains that he initially retained two experts, Dr. Burt Prater and Dr. Melvin Abend. Dr. Abend, however, ultimately refused to continue as plaintiff's expert and plaintiff was therefore placed in the position of seeking to retain other experts. Plaintiff's explanation in this regard is wholly insufficient and verges on incredulity. The explanation completely ignores the fact that plaintiff, as late as August 26, 1989, considered Dr. Abend to be one of his expert witnesses, or at least that is what is represented in the answers to interrogatories filed on that date. Thus, any difficulties plaintiff had in obtaining additional medical testimony arose long after the deadline for expert designation and even after defendant's summary judgment motion was filed. That difficulty, therefore, does not explain plaintiff's failure to provide the information concerning his experts on March 21, 1989, the date established by the scheduling order for the providing of that information.

Perhaps more importantly, there is no explanation by plaintiff whatsoever for his failure to at least designate Dr. Prater in a timely fashion. There is no representation that plaintiff experienced any difficulties in connection with Dr. Prater's services and in fact, plaintiff specifically represents that he had obtained the services of Dr. Prater for this case even before the complaint was filed. Yet the first mention of Dr. Prater's name came on August 26, 1989, over a year after the filing of plaintiff's complaint and over five months after the deadline.

It is provided in Local Rule 6(g) that the court "will allow the subsequent designation and/or discovery of expert witnesses only upon a showing of good cause."

Plaintiff has failed to show good cause and accordingly, the court concludes that plaintiff's untimely designation of expert witnesses in this case precludes his utilization of the testimony of those or any experts. It follows, therefore, that the affidavit of Dr. Prater, filed in response to defendant's motion for summary judgment, should be stricken as requested by defendant.

■ While in some cases alleging medical malpractice, such a ruling by the court would be fatal to plaintiff's case, that does not appear to be the case here. The Mississippi Supreme Court has many times stated that a plaintiff in a medical malpractice case is generally required to present expert medical testimony identifying and articulating the requisite standard of care and establishing that the defendant physician failed in some causally significant respect to conform to that standard of care. *See, e.g., Boyd v. Lynch,* 493 So.2d 1315 (Miss.1986). The nature of the issues in this case, though, to the extent the court has been able to ascertain the parties' positions, appears not to mandate the presentation of such testimony by plaintiff. This is because in the medical malpractice case where the alleged negligence consists of failure to fully advise the patient of all material information relative to the suggested treatment, i.e., where the issue is informed consent, it may not be necessary that the plaintiff present expert medical testimony. For example, where the issue is not whether the standard of care requires that the patient be informed of a particular risk, but rather is whether the physician did in fact advise the patient of the risk, medical testimony is not necessarily required. That is, no expert testimony is needed to prove what communications transpired between the doctor and patient. *Phillips By and Through Phillips v. Hull,* 516 So.2d 488, 494 (Miss.1987) (citing *Hammond v. Grissom,* 470 So.2d 1049, 1053 (Miss.1985)).

■ In the case at bar, the affidavit of Dr. Barnett recites that "Mr. Thompson was fully informed as to the risks, benefits and alternative treatment forms." The opposing affidavit of Mr. Thompson states that prior to surgery Dr. Barnett did not "discuss with [him] that there were alternative procedures," and further that plaintiff was "unaware of the fact that [he] had the possibility of becoming impotent and having bladder dysfunction after the surgery was performed."[1] Nowhere in Dr. Barnett's affidavit is it stated or intimated that impotence and/or bladder dysfunction were not risks of the surgery or were risks that he considered immaterial and hence not worthy of mention to plaintiff. Rather, the position taken in the affidavit, contrary to the position maintained by plaintiff, is that defendant did inform plaintiff of alternate treatments and of the known risks in the treatment performed. The issue, therefore, as is reflected in the affidavits, is simply whether defendant did inform plaintiff of these matters, as defendant asserts, or whether, as plaintiff contends, defendant failed to make him aware of these matters. This presents a question of credibility as to what communications transpired between the doctor and patient which is an issue of fact to be determined by a jury and not by the court on a summary judgment motion.

■ The final issue for consideration by the court concerns plaintiff's failure to respond to defendant's request for production of documents. Not only has plaintiff failed to respond to those requests in a timely manner, but he has failed to respond to those requests altogether and has offered no reason for that failure. The defendant requests that the plaintiff be prohibited from producing the requested documents. However, the court perceives no benefit to be derived from such a prohibition. The court does, though, conclude that plaintiff should be ordered to respond to defendant's request for documents immediately and should be sanctioned for any further failure to comply with the request.

Based on the foregoing, it is ordered that defendant's motion for summary judgment is denied. It is further ordered that defen-

---

**1.** The use of the term "unaware" by plaintiff is obviously intended to imply that he was not made aware, i.e., that he was not informed, of the risks of the procedure by Dr. Barnett.

dant's motion to strike be granted in part and denied in part, as follows:

1. Plaintiff's answers to interrogatories are stricken, including plaintiff's expert witness designation, and plaintiff is hereafter precluded from attempting to designate and/or utilize expert testimony in support of his claims of negligence.

2. The affidavit of Dr. Burt Prater is stricken.

3. Plaintiff will respond to defendant's request for production of documents within ten days of entry of this order, with the exception that plaintiff need not supply the curriculum vitae of any expert witness. Failure to so respond will result in dismissal with prejudice without further notice to plaintiff.

ORDERED.